UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RASHAD W. WALSTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-00290 |
| MIDLAND CREDIT MANAGEMENT, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes RASHAD W. WALSTON ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Chicago, Illinois, which is within the Northern District of Illinois.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject consumer debt") that Plaintiff allegedly owed to Comenity Capital Bank, ("Comenity") in the amount of $9,790.

8. Plaintiff used his Comenity credit card to finance the purchase of various household and personal items.

9. Upon information and belief, after Plaintiff's purported default on the subject consumer debt, the subject consumer debt was charged off by Comenity and purchased by Defendant for collection purposes.

10. On or around December 2020, Plaintiff discovered that Defendant proceeded to report the subject debt on his credit report.

---

[1] https://www.midlandcredit.com/who-is-mcm/

11. Subsequently, Plaintiff noticed that the subject debt was reported twice on his credit report with two separate account numbers.

12. Plaintiff, confused and worried about his financial situation, proceeded to call Defendant for further information regarding the subject consumer debt.

13. Upon speaking with Defendant, Plaintiff was informed that Defendant was a debt collector attempting to collect upon the subject consumer debt and that its conversation was an attempt to collect a debt and that any information MCM obtained would be used for that purpose.

14. Approximately on or around January 7, 2020, Plaintiff asked for a detailed validation of the subject consumer debt and Defendant stated to him that he only had one account and they changed his account number but it is still the exact same subject debt.

15. Upon information and belief, Defendant negligently reported the same exact subject debt twice on Plaintiff's credit report and knowingly changed his account number causing distress and worry to Plaintiff in regards to his financial status.

16. Defendant's conduct in falsely, deceptively, and misleadingly representing the account number associated with the subject debt unfairly deprived Plaintiff of the ability to meaningfully respond to Defendant's collection efforts.

17. Such deprivation caused Plaintiff direct financial and pecuniary harm, as he was subjected to damage to his credit score and financial status that, but-for Defendant's false, deceptive, and misleading representations, would not have come about.

18. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of his federally protected interests as a result of Defendant's conduct.

19. In an effort to address the confusion created by Defendant, Plaintiff lost time and resources going about addressing Defendant's conduct.

20. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of the FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A);

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false,

4

>including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and
>
>"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §§1692e, e(2), e(8), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to misreport on Plaintiff's credit report by reporting the same exact debt twice and changing Plaintiff's account number. The FDCPA specifically prohibits debt collectors from falsely representing the character and amount of the subject consumer debt on a consumer's credit reports. Therefore, Defendant acted deceptively by reporting the subject consumer debt twice on Plaintiff's consumer reports. Defendant's actions only served to worry and confuse Plaintiff and were done in a deceptive and misleading attempt to compel Plaintiff to address the subject consumer debt with Defendant.

    **b. Violations of the FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated § 1692f when it unfairly attempted to collect upon the subject consumer debt by knowingly changing Plaintiff's account number and unfairly reporting the same exact subject debt twice on Plaintiff's credit report. Seasoned debt collectors, like Defendant, know the importance of accurately reporting and providing consumer's information about debts which have been subject to collections. However, Defendant treated Plaintiff unfairly through its concerted efforts to deprive Plaintiff of vital information which would have allowed Plaintiff to prevent the unfair damage to his credit report and financial status that came about as a result of Defendant's conduct

WHEREFORE, Plaintiff, RASHAD W. WALSTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 18, 2021

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)

Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
 2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com